KM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Leo Jesus Avellaneda Rodriguez, | No.    CV-26-00801-PHX-AMM (CDB) |
| Petitioner, | |
| v. | **ORDER** |
| Luis Rosa, Jr., | |
| Respondent. | |

Self-represented Petitioner Leo Jesus Avellaneda Rodriguez, who is confined in the Florence Correctional Center, filed a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus. (Doc. 1.) He simultaneously paid the filing fee. (*Id.*) The Court will dismiss without prejudice the Petition and this action.

**I.    Petition**

Petitioner claims he has been detained since June 2025, and that his detention has "become indefinite in nature." (*Id.* at 6.) He further claims that the Board of Immigration Appeals ("BIA") wrongfully rejected his appeal for an insufficient filing fee without giving him an opportunity to cure the error. (*Id.*) Petitioner seeks immediate release from immigration custody. (*Id.*)

**II.    Dismissal**

**A.    Removal Proceedings and Appeal**

Petitioner's claims regarding errors in his removal proceedings are barred from habeas corpus review in district court. *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all

questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order [of removal]."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."). Petitioner's claims regarding the alleged wrongful dismissal of his appeal directly attack, and are inextricably linked with, his removal proceedings, and therefore may only be challenged in the agency and the petition-for-review process in the Ninth Circuit Court of Appeals. *See* 8 U.S.C. § 1252(a)(5); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031–32 (9th Cir. 2016); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007).

The Court will, therefore, dismiss Plaintiff's claims regarding his removal proceedings and appeal.

**B.    Detention**

The Court must also dismiss Petitioner's claims regarding his continued detention. Petitioner states that the BIA rejected his appeal on December 19, 2025. (Doc. 1.) Accordingly, Petitioner's order of removal did not become final until December 19, 2025. *See* 8 C.F.R. § 1241.1 (stating in part that an order of removal "shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals; . . .[u]pon waiver of the appeal by the respondent; [or u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time.").

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable

- 2 -

claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299–1300 (9th Cir. 2004).

Because Petitioner filed his § 2241 Petition during the 90-day removal period, the Court will dismiss the Petition and this action. *Id*. at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions."); *see also Inemo S.C. v. Dep't of Homeland Sec.*, CV-19-02881-PJS (LIB), 2020 WL 2765108, at *2 (D. Minn. May 28, 2020) (rejecting petitioner's request to "consider claims likely to become ripe during the pendency of the litigation" and stating that "[t]he Court is not aware of any authority supporting [petitioner's] claim that a district court may grant a habeas petition challenging the length of pre-removal detention when the petition was filed before the end of the 90-day removal period"); *Ba v. Gonzales*, CV-07-00307-SPM (WCS), 2008 WL 2157073, at *2 (N.D. Fla. May 19, 2008) ("It is not enough that the period of time expired by the time the petition is ruled on . . . by the court, the *Zadvydas* period must have expired before the petition is filed.").

Accordingly,

**IT IS ORDERED:**

(1)     Petitioner's Petition under 28 U.S.C. § 2241 (Doc. 1) and this case are **DISMISSED WITHOUT PREJUDICE**.

(2)     The Clerk of Court must enter judgment accordingly and close this case.

Dated this 13th day of February, 2026.

Honorable Angela M. Martinez
United States District Judge